# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

FILED
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Savannah, Georgia
By camerson at 4:57 pm, Nov 05, 2012

In the matter of: )
)  Chapter 13 Case
)
SHATU EMIL ETO BLAKE )
THERI BLAKE ) Number 12-40348
)
        *Debtors* )

## OPINION AND ORDER ON DEBTORS' MOTION TO RE-IMPOSE AND EXTEND AUTOMATIC STAY

Debtors filed their Chapter 13 case on February 17, 2012. Debtors had previously filed a Chapter 13 case in the United States Bankruptcy Court for the Northern District of Georgia (Case No. 10-96883). That case was filed on December 7, 2010, and an order granting relief from stay for Blue Eagle Lending, Inc. ("Blue Eagle") was entered in that case on February 6, 2012. Blue Eagle held a security interest in one of Debtors' vehicles, a 2000 Chevrolet Tahoe. The prior case was dismissed on February 17, 2012, for failure to make plan payments. Debtors aver that their prior case was filed to try to save their home in the Atlanta area, but that they were unable to maintain both the regular post-petition mortgage payments on the house and their Chapter 13 Trustee payments. Debtors state that they have moved to Savannah and have new employment, and that this case proposes to surrender the home in the Atlanta area.

Debtors filed a Chapter 13 Plan (the "Plan") in the present case on February

17, 2012. Dckt. No. 2. The Plan provided for payments to Blue Eagle in the amount of $112.10 per month, with an interest rate of 5.00%. Id. Blue Eagle did not file an objection to the Plan, and the Plan was confirmed, after minor modifications by the Chapter 13 Trustee, on May 4, 2012. Dckt. No. 34. On May 4, 2012, Blue Eagle filed a Motion for Order Under § 362(j) Confirming No Automatic Stay is in Effect. Dckt. No. 35. The Court granted Blue Eagle's Motion on May 11, 2012. Dckt. No. 38. Blue Eagle then repossessed Debtors' vehicle.

The matter currently pending before the Court is Debtors' Motion to Re-Impose and Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B). Dckt. No. 41. Upon refiling the case, the Code provided Debtors with a thirty day automatic stay, which expired on March 19, 2012. *See* 11 U.S.C. § 362(c)(3)(A). In their Motion, Debtors proposed to reimpose and extend the stay, arguing that such relief is warranted because they have demonstrated that their filing is in good faith. Debtors also argued that confirmation of the Plan supersedes any stay relief order unless and until Debtors default on their obligations.

Blue Eagle filed a response to Debtors' Motion on June 8, 2012. Dckt. No. 44. A hearing was held on this matter on June 11, 2012. At the hearing, the Court reimposed and extended the stay as to all other creditors besides Blue Eagle. The Court then invited Debtors and Blue Eagle to submit supplemental briefing with regard to whether the stay should be reimposed and extended as to Blue Eagle. No briefs were submitted, but on June 22, 2012, Blue Eagle filed a Report of Sale. Dckt. No. 49. In the Report of Sale, Blue Eagle

reported that after having received the Court's Order that no stay was in effect, the 2000 Chevrolet Tahoe was sold to a third party for cash on May 29, 2012, and stated that Blue Eagle therefore "had no further interest in the vehicle." Id.

Debtors filed a Response to Blue Eagle's Report of Sale requesting a hearing on the matter and requesting that Blue Eagle account for the collateral and explain why the collateral was sold while they knew the Motion to Reimpose and Extend the Stay was pending. Dckt. No. 50. A hearing was held on October 1, 2012, and Debtors subsequently withdrew their Response to Blue Eagle's Report of Sale. Dckt. No. 71.

The Court holds that there is not a strong enough factual basis to warrant reimposition of the stay here. This Court's May 11, 2012 Order stated that no stay existed as to the 2000 Chevrolet Tahoe vehicle, and the vehicle was sold on that Order's authority on May 29, 2012. While the vehicle was sold after Debtors filed their Motion to Re-Impose and Extend Automatic Stay, no motion by the Debtors was ever made to appeal or have the Court reconsider the May 11, 2012 Order. Additionally, no request for a Temporary Restraining Order or an Injunction was filed. Instead, the May 11, 2012 Order became final. On these facts, the Court cannot find grounds for such an extraordinary remedy as would be necessary here where the collateral has already been sold.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that

Debtors' Motion to Re-Impose and Extend Automatic Stay is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This ___ day of November, 2012.